IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO. 1:14 CR-119 |
| | ) | |
| V. | ) | Chief Judge Christopher C. Conner |
| | ) | |
| ROBERT J. RICE, | ) | |
|     Defendant | ) | |

### DEFENDANT'S PRETRIAL MOTION FOR SUPPRESSION OF EVIDENCE DERIVED FROM DEFICIENT WARRANTS

**AND NOW**, comes the Defendant, Robert Rice, by and through his attorney Joseph D. Caraciolo, Esquire and respectfully files the following Pretrial Motion for Relief averring the following:

1. On or about April 3, 2013, a criminal complaint was filed by Les Freehling, Chief Cumberland County Detective for the Commonwealth of Pennsylvania, alleging 131 counts for violations of the Pennsylvania Crimes Code, in relation to the possession of child pornography.

2. On April 4, 2013, The Defendant was arrested and bail was set at $100,000.00.

3. The Defendant was detained and incarcerated due to his inability to post bail until April 5, 2013.

4. A preliminary hearing was held on May 6, 2013 before Cumberland County Magisterial District Court Judge Paula P. Correal, with all charges being bound over to the Court of Common Pleas of Cumberland County, Pennsylvania.

5. On May 14, 2014 an indictment was filed in the United States District Court for the Middle District of Pennsylvania, charging the Defendant with two counts of violating the Federal Crimes Code, relating to the possession of child pornography. *See* Doc. No. 1.

6. The Commonwealth of Pennsylvania *nolle processed* its case against the Defendant on July 1, 2014.

7. Discovery in this matter has been ongoing.

8. The Defendant is presently scheduled for trial on December 7, 2015. *See* Doc. No. 29.

9. The Defendant and his wife, Marilyn Rice, had a tumultuous marriage in which Mrs. Rice believed her husband was unfaithful.

10. For over nine years, Mrs. Rice, without her husband's knowledge or permission, installed various spyware and keylogger programs on the Defendant's personal computer, which she then used to access accounts that were protected by passwords.

11. Particular to the facts of this case, on January 23, 2013, Mrs. Rice installed a spyware program called Spector Pro on the Defendant's computer without his knowledge or permission.

12. That program is capable of performing, and in fact did perform, a variety of spyware functions. It can capture every keystroke made on the computer

where it is installed, intercept emails and other messages, and it can keep track of all websites visited and capture screen shots. It can be directed to compile a report of this information and forward it to a third party at certain intervals and automatically intercept incoming emails and forward copies to a third party email address.

13. On January 29, 2013, the Defendant moved out of the marital home and discovered that his personal computer was missing. When the Defendant confronted Mrs. Rice, she indicated that she had taken the computer, hidden it and that he would never see the computer again.

14. Between January 29, 2013 and February 7, 2013, Mrs. Rice repeatedly accessed the computer; manipulating, copying, deleting and modifying over 3700 files.

15. On February 7, 2013, Mrs. Rice took the Defendant's computer to the Silver Spring Township Police Department where she informed police that she had placed a spyware program on the Defendant's computer and believed there to be child pornography on his computer. *See* Exhibit A, page 2.

16. The Fourth Amendment of the Constitution protects against unreasonable searches or seizures of those places where one has a reasonable expectation of privacy, unless a proper warrant is obtained.

17. The government applied for search warrants of the Defendant's computer, with which he had a reasonable expectation of privacy. *See* Exhibits A-D.

18. The affidavits of probable cause for the search warrants rely entirely on illegally obtained information.

19. Once the illegally obtained information is removed from the affidavits of probable cause, the remaining information fails to establish sufficient probable cause for a search warrant.

20. Even without excluding illegally obtained information, the warrants lack probable cause.

21. All warrants should be quashed because they fail to establish probable cause to search.

22. Any evidence derived from the warrants should be suppressed as fruits of an illegal search.

23. Any delay in trial is excludable in accordance with 18 U.S.C. § 3161(h).

**WHEREFORE,** The Defendant respectfully requests that the warrants based be quashed and any evidence obtained based on these search warrants be suppressed.

Respectfully Submitted,

Date: 10/26/15                          /s/ Joseph D. Caraciolo
                                                         Joseph D. Caraciolo, Esquire
                                                         Attorney ID No. 90919
                                                         112 Market Street, 6th Floor
                                                         Harrisburg, PA 17101
                                                         Telephone (717) 236-9391
                                                         Facsimile (717) 236-6602