# EXHIBIT B

# Commonwealth of Pennsylvania
# COUNTY OF CUMBERLAND



## APPLICATION FOR SEARCH WARRANT AND AUTHORIZATION

| Docket Number (Issuing Authority): MD-10-13 | Police Incident Number: CID-2013-02-00019 | Warrant Control Number: CID-2013-02-00019-B |

| AFFIANT NAME | AGENCY | PHONE NUMBER | DATE OF APPLICATION |
|---|---|---|---|
| Chief County Detective Les FREEHLING | Criminal Investigation Division | 717-240-7794 | 02-07-2013 |

**IDENTIFY ITEMS TO BE SEARCHED FOR AND SEIZED** *(Be as specific as possible):*
Any and all computers, computer hardware, computer software and computer documentation, including but not limited to commercial software and manuals, hardware, computer disks, hard drives, data cartridges, monitors, printers, modems, tape drives, application programs, floppy diskettes, fixed and removable hard drives, optical discs, zip discs, recordable compaq discs, and re-writable compact discs, video tapes, digital cameras, digital film readers, smart cards, memory sticks/cards.  - CONTINUED -

**SPECIFIC DESCRIPTION OF PREMISES AND/OR PERSON TO BE SEARCHED** *(Street and No., Apt. No., Vehicle, Safe Deposit Box, etc.):*
Two (2) story stone dwelling with white trim located at ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Silver Spring Township, Cumberland County, Pennsylvania. The driveway entrance is located to the left side of the residence. The front of the residence has a covered front porch that is white siding and cement block, with white steps leading to the porch. There are two (2) doors on the front of the residence. The rear of the residence has one (1) which is white in color. There are

**NAME OF OWNER, OCCUPANT OR POSSESSOR OF SAID PREMISES TO BE SEARCHED** *(If proper name is unknown, give alias and/or description):*
Robert Joel RICE / Marilyn Barbara RICE-GOLDIE

| VIOLATION OF *(Describe conduct or specify statute):* | DATE(S) OF VIOLATION: |
|---|---|
| 18 Pa.C.S. § 6312 - Sexual Abuse of Children | 02 - 03 - 2013 |

☒ **Warrant Application Approved by District Attorney** – DA File No. MPS-13-05
*(If DA approval required per Pa.R.Crim.P. 202(A) with assigned File No. per Pa.R.Crim.P. 507)*
☒ **Additional Pages Attached** *(Other than Affidavit of Probable Cause)*
☒ **Probable Cause Affidavit(s) MUST be attached** (unless sealed below)   Total number of pages: 7

TOTAL NUMBER OF PAGES IS SUM OF ALL APPLICATION, PROBABLE CAUSE AND CONTINUATION PAGES EVEN IF ANY OF THE PAGES ARE SEALED

The below named Affiant, being duly sworn (or affirmed) before the Issuing Authority according to law, deposes and says that there is probable cause to believe that certain property is evidence of or the fruit of a crime or is contraband or is unlawfully possessed or is otherwise subject to seizure, and is located at the particular premises or in the possession of the particular person as described above.

| Signature of Affiant | Agency or Address if private Affiant: Cumberland County District Attorney's Office, Criminal Investigations Division | Badge Number: 49-01 |

Sworn to and subscribed before me this **8** day of **Feb**, **2013**. Mag. Dist. No. **09 2 01**

Signature of Issuing Authority: Paul M Fegley    Office Address: 2260 #3 Spring Rd Carlisle Pa 17013   (SEAL)

### SEARCH WARRANT TO LAW ENFORCEMENT OFFICER:
WHEREAS, facts have been sworn to or affirmed before me by written affidavit(s) attached hereto from which I have found probable cause, I do authorize you to search the premises or person described, and to seize, secure, inventory and make return according to the Pennsylvania Rules of Criminal Procedure.

☐ This Warrant shall be served as soon as practicable and shall be served only between the hours of 6AM to 10PM but in no event later than:*

☒ This Warrant shall be served as soon as practicable and may be served any time during the day or night but in no event later than: **
**12:25 AM** o'clock **Feb 10, 2013**

* The issuing authority should specify a date not later than two (2) days after issuance. Pa.R.Crim.P. 205(4).
** If the issuing authority finds reasonable cause for issuing a nighttime warrant on the basis of additional reasonable cause set forth in the accompanying affidavit(s) and wishes to issue a nighttime warrant, then this block shall be checked. Pa.R.Crim.P. 206(7).

Issued under my hand this **8** day of **Feb**, **2013** at **12:25 AM** o'clock.

Signature of Issuing Authority: Paul M Fegley    Mag. Dist. or Judicial Dist. No.: **09 2 01**    Date Commission Expires: **1/1/2018**   (SEAL)

Title of Issuing Authority: ☒ Magisterial District Judge  ☐ Common Pleas Judge  ☐ _____

☐ For good cause stated in the affidavit(s) the Search Warrant Affidavit(s) are sealed for _____ days by my certification and signature. (Pa.R.Crim.P. 211)

_____ (Date)    (SEAL)
Signature of Issuing Authority (Judge of the Court of Common Pleas or Appellate Court Justice or Judge).

AOPC 410A-05

TO BE COMPLETED BY THE ISSUING AUTHORITY

| Commonwealth of Pennsylvania |  | APPLICATION FOR SEARCH WARRANT |
|---|---|---|
| COUNTY OF CUMBERLAND | | CONTINUATION PAGES |

| Docket Number (Issuing Authority): | Police Incident Number: CID-2013-02-00019 | Warrant Control Number: CID-2013-02-00019-B |

**Continuation of:**
☒ Items to be searched for and seized    ☒ Description of premises/person(s) to be searched    ☐ Owner/Occupant    ☐ Violations

## ITEMS TO BE SEARCHED FOR AND SEIZED (CONTINUED):

peripheral input / output devices (such as keyboards, printers, scanners, plotters, video display monitors, and optical readers), and related communication devices such as modems, cables, and connections, recording equipment, as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware.

Any and all information and/or data stored in magnetic or electronic form on computer media or on media capable of being read by computer or the aid of computer related equipment. A forensic examination and data recovery from any and all evidence seized.

All data contained within the seized media as set forth above that may contain evidence pertaining to the commission of the crimes of possession and distribution of child pornography.

Any and all written and/or printed instructions concerning the operation of a computer system, computer software, any device that can be used to restrict access to items seized, and/or any related device, and any and all computer-generated printouts which would or could be evidence of information that is, or at one time was, stored in a computer.

Any and all cellular telephones capable of storing and / or capturing images.

Records and documents concerning this computer-related equipment to include records and documents, whether such records or other evidence are in electronic or other form. Telephone and communications activity and service billing records, access numbers, passwords, personal identification numbers, telephone and address directories, logs, notes, memoranda and communications services including access into computer(s). Any and all records pertaining to control and possession of computer(s) and related equipment, access numbers and authorization codes, credit card numbers including financial records, receipt of payments, correspondence and memoranda, business computer systems, telephone numbers, records and information relating to any and all computer use.

Any and all photographs, magazines, books, literature or other writings and / or depictions relating to Child Pornography.

Search should include any locked or unlocked containers, structures or rooms, and any opened or unopened containers found inside the residence.

All items to be searched for and/or seized are items related to the offense of Sexual Abuse of Children - Possession of Child Pornography.

## DESCRIPTION OF PREMISES/PERSONS TO BE SEARCHED (CONTINUED):

two (2) outbuildings on the property. One out building is made of stone and has a stone patio. The other out building is made of wood with white trim. At the driveway entrance, located on the right side of the driveway is a black mailbox mounted on a black metal post. The numbers "213" are on said mailbox.

| Commonwealth of Pennsylvania  | AFFIDAVIT OF PROBABLE CAUSE |
|---|---|
| COUNTY OF CUMBERLAND | |
| Docket Number (Issuing Authority): | Police Incident Number: CID-2013-02-00019 | Warrant Control Number: SW - 2013-02-00019-B |

PROBABLE CAUSE BELIEF IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:

## AFFIDAVIT OF PROBABLE CAUSE

I, Chief County Detective Les Freehling, have been a sworn law enforcement officer for forty-four (44) years. I am currently assigned as Chief County Detective for the Criminal Investigative Division of the Cumberland County District Attorney's Office. I have been employed by the Cumberland County District Attorney's Office since April of 1998. From March of 1968 until April of 1998 I was employed by the Pennsylvania State Police. In addition to my administrative duties I am also assigned to investigate criminal investigation cases, to include, but not limited to, Internet Child Pornography investigations. I am currently assigned to the Internet Crimes Against Children Task Force for Pennsylvania, managed through the Delaware County District Attorney's Office. Included in my current assignment, I conduct investigations and/or undercover investigations into crimes where computers are used to facilitate crimes. Further, I have been involved with investigations requiring the interdiction of individuals and groups engaged in criminal activity and have utilized confidential informants to ascertain the techniques and methods of operation employed in the furtherance of these criminal activities. I have conducted and participated in criminal investigations involving court-authorized wiretaps, search warrants and arrest warrants. Additionally, I have testified in various prosecutions within the Commonwealth of Pennsylvania resulting in convictions of defendants for violations of the Pennsylvania Consolidated Statutes (Title 18). I have also testified in prosecutions within the jurisdiction of other States and the Federal Government resulting in convictions of defendants for violations of the applicable statutes. I am also familiar with the techniques and methods of operation utilized by individuals involved in criminal activity to conceal their activities from detection by law enforcement authorities. I have participated in investigations into the activities of individuals and groups involved in criminal enterprises including homicide, narcotics trafficking and distribution, conspiracy, theft, and money laundering, and other crimes in which computers were utilized. While a member of the Pennsylvania State Police I received in excess of four-hundred (400) hours of training related to Criminal Investigation Analysis, which included multiple hours of Child Pornography, Pedophilia, sexual assault and homicide. I have also completed training offered by the Pennsylvania Municipal Police Officers Education & Training Commission on "CyberCrimes", and have been involved in numerous investigations where computers and the Internet were used to commit crimes. I have completed the Internet Crimes Against Children P2P training program. Throughout my career, I have investigated and prosecuted numerous cases involving Child Pornography and Pedophilia.

### FACTS TENDING TO ESTABLISH THE GROUNDS FOR THIS SEARCH WARRANT AND THE PROBABLE CAUSE ARE AS FOLLOWS:

On February 7, 2013 at approximately 9:43 A.M. Marilyn RICE went to the Silver Spring Township Police Department and reported that her (Marliyn RICE) husband had Child Pornography on his (Robert RICE) laptop computer. The two reside together at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in Mechanicsburg, Cumberland County, Pennsylvania.

Marilyn RICE advised Officer Tracy MILLER of the Silver Spring Township Police Department that she (Marilyn RICE) had viewed pictures of three (3) or four (4) year old females performing oral sex, in addition to other photographs depicting Child Pornography on this laptop computer.

I, THE AFFIANT, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

| Affiant Signature | 02-08-13 Date | Issuing Authority Signature Paul M Ferley | 2 8 13 Date | (SEAL) |

Page 1 of 5 Pages

AOPC 410B-10-24-98

| Commonwealth of Pennsylvania |  | AFFIDAVIT OF PROBABLE CAUSE |
|---|---|---|
| COUNTY OF CUMBERLAND | | |

| Docket Number (Issuing Authority): | Police Incident Number: CID-2013-02-00019 | Warrant Control Number: SW - 2013-02-00019-B |
|---|---|---|

*PROBABLE CAUSE BELIEF IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:*

## FACTS TENDING TO ESTABLISH THE GROUNDS FOR THIS SEARCH WARRANT AND THE PROBABLE CAUSE ARE AS FOLLOWS (CONTINUED):

On February 7, 2013 at approximately 10:54 A.M., Marilyn RICE was again interviewed by this AFFIANT and Detective Richard KEEFER of the Cumberland County Criminal Investigation Division. Marilyn RICE reiterated what previously she had related to Officer MILLER, and in addition related to this AFFIANT and Detective KEEFER there is a picture of a "four (4) year old female with her legs spread" and a penis between the aforementioned child's legs.

Additionally, Marilyn RICE advised Officer MILLER, this AFFIANT, and Detective KEEFER that there were chat room / internet conversations between her (Marilyn RICE) husband and other individuals relating to the exchanging of pornographic photographs of children. Marilyn RICE advised that at least one (1) of the conversations related to not using "YAHOO", but to use some other means of communication.

Marilyn RICE advised Detective KEEFER that she (Marilyn RICE) has viewed the aforementioned photographs / conversations on the laptop computer as recently as Sunday, February 3, 2013. Marilyn RICE further advised that, due to her suspicions, Marilyn RICE installed covert software on the subject laptop computer to monitor Robert RICE's Internet usage.

Marilyn RICE further advised that, due to her discovery of Robert RICE's Internet activity, Marilyn directed Robert RICE to leave the residence. Following that directive, Marilyn RICE observed Robert RICE spending time in one (1) of the two (2) outbuildings on the Hogestown Road property. The subject outbuilding Marilyn RICE observed Robert RICE within serves as storage for Robert RICE's possessions and is not a building that Marilyn RICE commonly frequents. The second outbuilding was described by Marilyn RICE as Robert RICE's "man cave", that is to say a building constructed specifically for Robert RICE's private enjoyment.

The aforementioned laptop computer described by Marilyn RICE was turned over to the Silver Spring Township Police Department by Marilyn RICE on February 7, 2013. At that time Marilyn RICE advised that the computer was shared by her (Marilyn RICE) and her husband Robert RICE. As this investigation was referred to this AFFIANT, said computer was also turned over to this AFFIANT.

On February 7, 2013 at 4:10 P.M. a Search Warrant was issued by Magisterial District Judge Paul M. FEGLEY for said computer to be forensically analyzed. Detective Ryan Parthemore analyzed said computer on February 7, 2013.

- CONTINUED -

I, THE AFFIANT, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

| Affiant Signature | Date 02-08-13 | Issuing Authority Signature Paul M Fegley | Date 2 8 13 (SEAL) |
|---|---|---|---|

Page 2 of 5 Pages

| Commonwealth of Pennsylvania  | AFFIDAVIT OF PROBABLE CAUSE |
|---|---|
| COUNTY OF CUMBERLAND | |

| Docket Number (Issuing Authority): | Police Incident Number: CID-2013-02-00019 | Warrant Control Number: SW - 2013-02-00019-B |
|---|---|---|

*PROBABLE CAUSE BELIEF IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:*

**FACTS TENDING TO ESTABLISH THE GROUNDS FOR THIS SEARCH WARRANT AND THE PROBABLE CAUSE ARE AS FOLLOWS (CONTINUED):**

Detective PARTHEMORE'S qualifications and experience are as follows:

Detective Ryan J. PARTHEMORE, badge number 49-45, is a sworn member of the Upper Allen Township Police Department and assigned to the Cumberland County District Attorney's Office, Criminal Investigation Division. He is further assigned as a detective with the Pennsylvania State Police Area I Computer Crime Task Force, the Cumberland County Computer Crimes Task Force and the Pennsylvania Internet Crimes Against Children (PA-ICAC) Task Force. He is assigned and designated as a United States Customs Officer with the U.S. Immigration and Customs Enforcement Agency for the Inter-agency Child Exploitation Task Force (ICET) and as a Special Deputy United States Marshal.

Detective PARTHEMORE has completed the Computer Crimes Investigations Course sponsored by the Municipal Police Officer Training and Education Commission and the Pennsylvania State Police. He has successfully completed basic and advanced level certification courses on data recovery and analysis conducted by the National White Collar Crime Center (NW3C). He has also attended both basic and advanced level courses on data recovery and analysis hosted by the United State Department of Justice (US DoJ), Office of Juvenile Justice and Delinquency Prevention (OJJDP) related to the Internet Crimes Aginst Children (ICAC) Task Force.

Detective PARTHEMORE has independently performed the forensic search and analysis of over four hundred (400) computer hard drives and cell phones related to criminal investigations, missing persons and death investigations. His training includes the forensic search and seizure of digital evidence stored within a computer and electronic communications devices as well as crimes dealing with these types of devices. He has attended training hosted by the Mid-Atlantic Great Lakes Organized Crime Law Enforcement Network (MAGLOCLEN), the Pennsylvania State Police, and the Internet Crimes Against Children Task Force via the Fox Valley Technical College on child exploitation, digital evidence, computer crime and electronic communications.

Detective PARTHEMORE has participated in undercover chats with collectors and distributors of child pornography and engaged in proactive investigations designed to identify collectors and distributors of child pornography using peer-to-peer file sharing networks. Prior to entering law enforcement Detective Parthemore was privately employed in the field of Information Technology. He held multiple positions related to the installation, maintenance and repair of personal computers, local area networks, wide area networks, electronic communications and devices, and Internet related technologies.

In his current assignment, Detective PARTHEMORE conducts investigations where computers and other electronic communication devices are used to facilitate crimes or in the commission of crimes. He has conducted and/or participated in criminal investigations and prosecutions in state and federal court involving court orders, search warrants and arrest warrants.

- CONTINUED -

I, THE AFFIANT, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

| Affiant Signature | Date 02/08/13 | Issuing Authority Signature | Date 2 8 13 (SEAL) |
|---|---|---|---|

Page 3 of 5 Pages

AOPC 410B-10-24-96

**Commonwealth of Pennsylvania**

**COUNTY OF CUMBERLAND**



# AFFIDAVIT OF PROBABLE CAUSE

| Docket Number (Issuing Authority): | Police Incident Number: CID-2013-02-00019 | Warrant Control Number: SW - 2013-02-00019-B |

**PROBABLE CAUSE BELIEF IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:**

## FACTS TENDING TO ESTABLISH THE GROUNDS FOR THIS SEARCH WARRANT AND THE PROBABLE CAUSE ARE AS FOLLOWS (CONTINUED):

Detective PARTHEMORE has assisted in the execution of dozens of computer and electronic related search warrants. Additionally, he has testified in various prosecutions within the Commonwealth of Pennsylvania and United States federal court resulting in convictions of defendants for violations of the Pennsylvania and federal law. Detective Parthemore is familiar with the techniques and methods of operation utilized by individuals involved in criminal activity to conceal their activities from detection by law enforcement authorities. He has participated with investigations into the activities of individuals and groups involved in crimes including narcotics distribution, conspiracy, theft, fraud, burglary, child exploitation, sex offenses, harassment and computer crimes.

Detective PARTHEMORE provided me with the following information:

The HP Pavilion laptop contains deleted files with names consistent with child pornography. Additionally, a folder named "Documents" in the \Users\Public Computer\ folder contains over 2,000 JPG images with filenames beginning with "Screenshot". Each JPG image is a snapshot of the HP Pavilion's display screen while it was being operated at various dates and times. Each JPG snapshot is date and time stamped. This finding is consistent with the information received from Marilyn RICE that she (Marilyn RICE) installed a "spyware" type application to record the computer usage habits of Robert Joel RICE on this HP Pavilion laptop.

The snapshot JPG images form a virtual storybook of the HP Pavilion laptop's usage of the computer between January 25, 2013 and January 26, 2013. The snapshot JPG images contain images of pre-pubescent children engaged in sexual intercourse, masturbation and other prohibited sexual acts. The snapshots also capture an individual logging into a Facebook account. The Facebook account name is "Rob Rice".

Further review of the snapshot JPG images shows that the HP Pavilion laptop's user was storing the aforementioned child pornography on a removable storage drive, that is to say a portable storage device capable of being connected and disconnected from the computer by the user. This removable storage drive was not turned over to police with the laptop. Removable storage drives of this nature can be extremely small in size. Detective Parthemore knows through his training and experience that certain removable storage drives can be built in to a wrist watch or other personal accessory including key chains and pocket knives. Due to their extremely small size and portable nature, they can be stored in virtually any location.

The snapshot JPG images further illustrate that the user of the HP Pavilion laptop used evidence elimination type software to attempt to permanently destroy evidence of the computer's usage. The usage of said software was captured in the snapshot JPG images.

- CONTINUED -

I, THE AFFIANT, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

| Affiant Signature | Date 0208/13 | Issuing Authority Signature  Paul m Fegley | Date 2 8 13 (SEAL) |

Page 4 of 5 Pages

| Commonwealth of Pennsylvania  | AFFIDAVIT OF PROBABLE CAUSE |
|---|---|
| COUNTY OF CUMBERLAND | |

| Docket Number (Issuing Authority): | Police Incident Number: CID-2013-02-00019 | Warrant Control Number: SW - 2013-02-00019-B |
|---|---|---|

PROBABLE CAUSE BELIEF IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:

### FACTS TENDING TO ESTABLISH THE GROUNDS FOR THIS SEARCH WARRANT AND THE PROBABLE CAUSE ARE AS FOLLOWS (CONTINUED):

Based upon my knowledge, training and experience it is known that child sexual offenders generally prefer to store images of child pornography in electronic form such as computer files. The computer's ability to store images in digital form makes a computer an ideal repository for pornography. A small portable disk can contain hundreds or thousands of images of child pornography, and a computer hard drive can contain tens of thousands of such images at very high resolution. The images can be easily sent to or received from other computer users over the Internet through e-mail or chat rooms. Further, both individual files of child pornography and the disks that contain the files can be mislabeled or hidden to evade detection.

Additionally, based upon my knowledge, training and experience, I know that searching and seizing information from computers often requires investigators to seize most or all electronic storage devices (along with related peripherals) to be searched later by a qualified computer expert in a laboratory or other controlled environment.

Additionally, based upon my knowledge, training and experience, I know that pornographic images either on computer or in hard form are traded from one person to the other either through personal contact or over the Internet. Those in hard form are often kept in albums and categorized for trading purposes or for later sexual gratification. Those images in electronic form are usually kept on internal or external storage devices such as; hard drives, floppy discs, compact discs (CD's) or other portable storage units. Some individuals will also print images received in electronic form to hard copy for easy viewing or trade with others. Through my training and experience I know that those individuals who engage in child pornography rarely delete or get rid of photographs or images they acquire. These images are frequently used by an individual for sexual gratification, or to re-live special events in their life.

The investigation initially was only known to Marilyn RICE, however Marilyn RICE has since informed other family members including her daughters, whom are Robert RICE's stepdaughters. The loyalty of the various family members involved cannot be reliably ascertained and Marilyn RICE stated that a general feeling of shock and disbelief is shared by all.

By its very nature, child pornography is a sensitivity possession to the possessor. Exposure of the collection to the public can result in the possessor experiencing criminal prosecution, embarrassment, loss of employment, loss of family relationships and loss of social status. The investigation has determined that Robert RICE has attempted to use evidence elimination software to destroy evidence.

Based upon all of these facts, coupled with the desire to ensure Robert RICE's safety, this AFFIANT respectfully requests the issuance of a nighttime search warrant.

I, THE AFFIANT, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

| Affiant Signature | 02-08-13 Date | Issuing Authority Signature | 2 8/13 Date | (SEAL) |
|---|---|---|---|---|

Page 5 of 5 Pages

AOPC 410B-10-24-98

FEB 14 2013

| Commonwealth of Pennsylvania  | RETURN of SERVICE AND INVENTORY |
|---|---|

**COUNTY OF Cumberland**

Docket Number (Issuing Authority): MD-11-13

Police Incident Number: CID20130200019

Warrant Control Number: CID20130200019-C

Property Seized as result of Search (Y/N): N

Date of Search: 02/08/2013

Time of Search: 0120 hrs.

Date of Return: 2/12/13

Time of Return: 1555 hrs

Officer making Return: Det. Richard S. Keefer Jr.

Signature of Person Seizing Property: Det. Richard S. Keefer Jr.

Other Officers Participating in Search: ICE Agent Trac Huynh, Chief County Detective Les Freehling, Detective Ryan Parthemore, Detective Richard S. Keefer Jr.

---

*Pa.R.Crim.P. Chapter 2, Part A. SEARCH WARRANTS*

*Rule 202. Approval of Search Warrant Applications by Attorney for the Commonwealth – Local Option.*
  (a) The District Attorney of any county may require that search warrant applications filed in the county have the approval of an attorney for the Commonwealth prior to filing.

*Rule 204. Person To Serve Warrant.*
  A search warrant shall be served by a law enforcement officer.

*Rule 205. Contents of Search Warrant.*
  Each search warrant shall be signed by the issuing authority and shall:
  (a) specify the date and time of issuance;
  (b) identify specifically the property to be seized;
  (c) name or describe with particularity the person or place to be searched;
  (d) direct that the search be executed within a specified period of time, not to exceed 2 days from the time of issuance;
  (e) direct that the warrant be served in the daytime unless otherwise authorized on the warrant, PROVIDED THAT, for purposes of the Rules of Chapter 2, Part A., the term "daytime" shall be used to mean the hours of 6 a.m. to 10 p.m.;
  (f) designate by title the judicial officer to whom the warrant shall be returned;
  (g) certify that the issuing authority has found probable cause based upon the facts sworn to or affirmed before the issuing authority by written affidavit(s) attached to the warrant; and
  (h) when applicable, certify on the face of the warrant that for good cause shown the affidavit(s) is sealed pursuant to Rule 211 and state the length of time the affidavit(s) will be sealed.

*Rule 206. Contents of Application for Search Warrant.*
  Each application for a search warrant shall be supported by written affidavit(s) signed and sworn to or affirmed before an issuing authority, which affidavit(s) shall:
  (a) state the name and department, agency, or address of the affiant;
  (b) identify specifically the items or property to be searched for and seized;
  (c) name or describe with particularity the person or place to be searched;
  (d) identify the owner, occupant, or possessor of the place to be searched;
  (e) specify or describe the crime which has been or is being committed;
  (f) set forth specifically the facts and circumstances which form the basis for the affiant's conclusion that there is probable cause to believe that the items or property identified are evidence or the fruit of a crime, or are contraband, or are otherwise unlawfully possessed or subject to seizure, and that these items or property are located on the particular person or at the particular place described;
  (g) if a "nighttime" search is requested (i.e., 10 p.m. to 6 a.m.), state additional reasonable cause for seeking permission to search in the nighttime; and
  (h) when the attorney for the Commonwealth is requesting that the affidavit(s) be sealed pursuant to Rule 211, state the facts and circumstances which are alleged to establish good cause for the sealing of the affidavit(s).

*Rule 208. Copy of Warrant; Receipt for Seized Property.*
  (a) A law enforcement officer, upon taking property pursuant to a search warrant, shall leave with the person from whom or from whose premises the property was taken a copy of the warrant and affidavit(s) in support thereof, and a receipt for the property seized. A copy of the warrant and affidavit(s) must be left whether or not any property is seized.
  (b) If no one is present on the premises when the warrant is executed, the officer shall leave the documents specified in paragraph (a) at a conspicuous location in the said premises. A copy of the warrant and affidavit(s) must be left whether or not any property is seized.
  (c) Notwithstanding the requirements in paragraphs (a) and (b), the officer shall not leave a copy of an affidavit that has been sealed pursuant to Rule 211.

*Rule 209. Return with Inventory.*
  (a) An inventory of items seized shall be made by the law enforcement officer serving a search warrant. The inventory shall be made in the presence of the person from whose possession or premises the property was taken, when feasible, or otherwise in the presence of at least one witness. The officer shall sign a statement on the inventory that it is a true and correct listing of all items seized, and that the signer is subject to the penalties and provisions of 18 Pa.C.S. Section 4904(b) - Unsworn Falsification to Authorities. The inventory shall be returned to and filed with the issuing authority.
  (b) The judicial officer to whom the return was made shall upon request cause a copy of the inventory to be delivered to the applicant for the warrant and to the person from whom, or from whose premises, the property was taken.
  (c) When the search warrant affidavit(s) is sealed pursuant to Rule 211, the return shall be made to the justice or judge who issued the warrant.

---

**THE LAW ENFORCEMENT OFFICER SHALL MAKE ALL RETURNS TO THE ISSUING AUTHORITY DESIGNATED ON THE SEARCH WARRANT.**

RECEIVED
FEB 14 2013
CUMBERLAND COUNTY
DISTRICT ATTORNEY'S OFFICE

AOPC 413A-01

# Commonwealth of Pennsylvania

## COUNTY OF Cumberland

**RECEIPT / INVENTORY**
OF SEIZED PROPERTY

| Docket Number (Issuing Authority): | Police Incident Number: CID20130200019 | Warrant Control Number: CID20130200019-C |
|---|---|---|
| Date of Search: 02/08/2013 | Time of Search: 0120 hrs | Inventory Page Number: 1 of 1 Pages |
| Detective Les Freehling *Affiant* | Cumberland County CID *Agency or Address if private affiant* | 49-01 *Badge No.* |

The following property was taken / seized and a copy of this Receipt / Inventory with a copy of the Search Warrant and affidavit(s) (if not sealed) was
☒ personally served on (name of person) Robert RICE
☐ was left at (describe the location) _____

| Item Number | Quantity | Item Description | Make, Model, Serial No., Color, etc. |
|---|---|---|---|

*(Diagonal line across inventory area with notation: "Det. Richard K Keefer … nothing seized")*

I/we do hereby state that this inventory is to the best of my/our knowledge and belief a true and correct listing of all items seized, and that I/we sign this Receipt / Inventory subject to the penalties and provisions of Title 18.Pa.C.S. 4904(b)--Unsworn Falsification to Authorities.

| Signature | Printed Name | Affiliation | Badge or Title |
|---|---|---|---|
| Det. Richard K Keefer *Signature of person issuing Receipt / Inventory* | Det. Richard S. Keefer Jr. | CID | 49-04 |
| *Signature of Witness* | LES FREEHLING | CID | 49-1 |
| Det. Richard K Keefer *Signature of person making Search* | Det. Richard S. Keefer Jr. | CID | 49-04 |

AOPC 413B 12-09-98