## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:14-CR-119** |
| | : | |
| **v.** | : | **(Chief Judge Conner)** |
| | : | |
| **ROBERT J. RICE,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

Defendant Robert J. Rice ("Rice") files the instant post-trial motion (Doc. 89) to merge counts pursuant to the Double Jeopardy Clause of the Fifth Amendment and Federal Rules of Criminal Procedure 29 and 33.  The court will deny the motion.

## I.    Factual Background & Procedural History[1]

On May 14, 2014, a grand jury indicted Rice on one count of possession of child pornography between August 2010 and January 29, 2013, in violation of 18 U.S.C. § 2252A(a)(5) (Count I), and one count of receipt and distribution of child pornography between January 23 and January 28, 2013, in violation of 18 U.S.C. § 2252A(a)(2) (Count II).  (Doc. 1).  Rice pleaded not guilty to both counts.  (Doc. 9). A jury trial commenced on May 2, 2016.  (See Doc. 75).  The following evidence was adduced at trial.

---

[1] As of the date of this opinion, an official transcript of the trial is not yet available.  The court reporter has provided the court with a rough draft of the transcript, and citations thereto are abbreviated throughout as "5/__/16 Tr."  The parties should note, however, that pagination of the rough draft may vary from pagination of the official transcript of proceedings, when available.  Trial exhibits will be cited as "Tr. Ex. __" herein.

Marilyn Rice-Goldie ("Rice-Goldie"), Rice's wife, testified to discovering an apparent image of child pornography in 2003 on a computer she shared with Rice. (5/2/16 Tr. at 133, 135-36).  Rice-Goldie thereafter confronted her husband, who explained that he received the image inadvertently through a Yahoo Instant Messenger chat and promised that "he wouldn't do it again." (Id. at 136).

Rice-Goldie further testified that in January 2013 she installed a computer monitoring software called Spector Pro on Rice's personal laptop.  (Id. at 146). Employing the program's stealth mode, Rice-Goldie tracked and recorded activity thereupon between January 23 and January 28, 2013.  (Id. at 153-56).  Rice-Goldie was absent from their residence during the majority of this period, visiting a friend in Florida.  (Id. at 153-54).  The Spector Pro data revealed that a user logged in as Rice actively viewed and traded images of child pornography for the duration of Rice-Goldie's trip to Florida.  (Id. at 156-57).  Rice-Goldie turned over the laptop to law enforcement and provided a corresponding statement on February 7, 2013. (Id. at 164).  Shortly thereafter, law enforcement executed a search warrant at Rice's residence, seizing additional computers, printers, and data storage devices. (Id. at 165-66).

The government tendered Detective Ryan Parthemore ("Detective Parthemore") as an expert in computer forensics.  (5/3/16 Tr. at 89).  Detective Parthemore testified that he performed forensic examinations on all electronic media seized pursuant to the investigation.  (Id. at 94).  With respect to Rice's laptop, Detective Parthemore identified child pornography in two distinct locations on the hard drive—the Windows thumb cache and the Yahoo Instant Messenger

cache. (Id. at 100; see Tr. Ex. 27). Detective Parthemore explained that a Yahoo Instant Messenger cache comprises automatically stored copies of images sent or received through Yahoo's photo-sharing feature. (5/3/16 Tr. at 100-02). These images retain creation dates, whereas analogous Windows thumb cache files are not dated. (Id. at 163-64).

Detective Parthemore estimated that the Windows thumb cache on Rice's laptop held "in excess of 10,000" undated images of child pornography. (Id. at 163). He reported that a substantial quantity of image files contained in the Yahoo Instant Messenger cache were created in 2010. (Id. at 164). Defense witness Dr. Rebecca Mercury ("Dr. Mercury")—certified as an expert in computer forensics—corroborated Detective Parthemore's conclusion, confirming that "the oldest suspected child pornography . . . found on [Rice's] computer" was from 2010. (5/5/16 Tr. at 42). Finally, Detective Parthemore testified to discovering additional images of child pornography on an external hard drive seized from Rice's residence. (5/3/16 Tr. at 116; see Tr. Ex. 31). He opined that the drive functioned as a fully operational computer in 2008. (5/3/16 Tr. at 116, 166).

The government called Homeland Security Investigations Special Agent Trac Huynh ("Special Agent Huynh") to outline the investigation of Rice. (Id. at 190-228; 5/4/16 Tr. at 12-107). Through Special Agent Huynh, the government introduced Spector Pro screenshots of Rice's laptop captured between January 23 and January 28, 2013. (5/4/16 Tr. at 55-104). The screenshots depicted the user engaged in multifarious online activities, which included, inter alia, trading videos and images of child pornography through Yahoo Instant Messenger, visiting websites notorious

for child pornography, and organizing nested folders containing images of child pornography. (Id.) *In toto*, the screenshots presented as evidence included 24 full-sized and 120 thumbnail-sized images of child pornography. (Id. at 9). Special Agent Huynh testified that the user who operated Rice's laptop during this period traded child pornography with 14 separate individuals, distributing a total of 165 images and receiving a total of 359 images. (Id. at 106-07, 145-46).

On May 6, 2016, the jury returned a verdict of guilty on both counts of the indictment. (Doc. 85). Pursuant to a special interrogatory, the jury identified beyond a reasonable doubt the dates on which Rice possessed, received, and distributed child pornography, respectively. (Id. ¶ 3). The jury determined, *first*, that Rice possessed child pornography between August 2010 and January 29, 2013; *second*, that Rice received child pornography between January 23 and January 28, 2013; and *third*, that Rice distributed child pornography between January 23 and January 28, 2013. (Id.)

Rice filed the instant motion to merge counts on May 20, 2016. (Doc. 89). The government concurs in the requested merger of counts but petitions the court to vacate the lesser offense of possession (Count I) and sentence Rice based upon the greater offense of receipt and distribution (Count II). (See Doc. 91). The motion is ripe for disposition.

## II.   Discussion

Rice asserts that his convictions on Counts I and II "are for the 'same offense' as a matter of law" in violation of the Double Jeopardy Clause of the Fifth Amendment. (Doc. 89). The gravamen of Rice's contention is that "[t]he evidence

at trial established that the images received and distributed between January 23 and 28, 2013, as charged in Count Two, were among those possessed on the laptop involved in Count One for the dates covered by Count One." (Doc. 90 at 1). In response, the government acknowledges that possession of child pornography is a lesser-included offense of receipt and concurs that merger is appropriate. (See Doc. 91). Notwithstanding the parties' consensus, the court has an independent obligation to assess the merits of Rice's motion.

The Double Jeopardy Clause of the Fifth Amendment prohibits a defendant from being punished cumulatively for the same criminal offense. See United States v. Miller, 527 F.3d 54, 70-71 (3d Cir. 2008); United States v. Conley, 37 F.3d 970, 975 (3d Cir. 1994). Double jeopardy is also implicated when a defendant is convicted of two separate crimes, one of which is a lesser-included offense of the other. See United States v. Cesare, 581 F.3d 206, 207 (3d Cir. 2009). It is well-settled law that possession of child pornography is a lesser-included offense of receiving child pornography when both charges relate to the same images on the same dates.[2] See United States v. Ehle, 640 F.3d 689, 698 (6th Cir. 2011); United States v. Bryner, 392 F. App'x 68, 73-74 (3d Cir. 2010) (nonprecedential); United States v. Bobb, 577 F.3d 1366, 1374-75 (11th Cir. 2009); United States v. Davenport, 519 F.3d

---

[2] By contrast, the circuit courts of appeals which have ruled on the issue have uniformly held that possession of child pornography is not a lesser-included offense of distribution. See United States v. McElmurry, 776 F.3d 1061, 1065 (9th Cir. 2015); United States v. Woerner, 709 F.3d 527, 539 (5th Cir. 2013); United States v. Chiaradio, 684 F.3d 265, 280 (1st Cir. 2012); United States v. Faulds, 612 F.3d 566, 571 (7th Cir. 2010); see also United States v. Yard, 558 F. App'x 231, 235 (3d Cir. 2014) (nonprecedential). The court declines to address distribution herein because the instant motion may be resolved entirely on receipt.

949, 947 (9th Cir. 2008); <u>Miller</u>, 527 F.3d at 72.  The proper remedy thereupon is vacatur of one of the multiplicitous counts of conviction prior to sentencing.  <u>See</u> <u>Miller</u>, 527 F.3d at 74; <u>United States v. Cunningham</u>, No. CRIM 07-0298, 2010 WL 3809853, at *3-4 (W.D. Pa. Sept. 22, 2010).  Dual convictions for possession and receipt based on separate underlying conduct do not offend the Double Jeopardy Clause.  <u>See</u>, <u>e.g.</u>, <u>United States v. Halliday</u>, 672 F.3d 462, 471 (7th Cir. 2012); <u>Bryner</u>, 392 F. App'x at 73-74; <u>Bobb</u>, 577 F.3d at 1375.

In child pornography cases, courts evaluating multiplicity must determine whether the convictions at issue are necessarily predicated on distinct facts and images.  <u>See</u> <u>United States v. Finley</u>, 726 F.3d 483, 496 (3d Cir. 2013); <u>see</u> <u>also</u> <u>United States v. Johnston</u>, 789 F.3d 934, 938-39 (9th Cir.), <u>cert. denied</u>, 136 S. Ct. 269 (2015). At least three circuit courts of appeals have held that the same underlying images may form the basis of separate counts of possession and receipt if the counts are otherwise distinguishable by at least one image.  <u>See</u> <u>United States v. Schnittker</u>, 807 F.3d 77, 83 (4th Cir. 2015); <u>United States v. Dudeck</u>, 657 F.3d 424, 431 (6th Cir. 2011); <u>United States v. Polouizzi</u>, 564 F.3d 142, 158-59 (2d Cir. 2009); <u>see</u> <u>also</u> <u>United States v. Edens</u>, 647 F. Supp. 2d 1311, 1314 (M.D. Ala. 2009), <u>aff'd</u>, 380 F. App'x 880 (11th Cir. 2010).  In <u>United States v. Dudek</u>, 657 F.3d 424, the Sixth Circuit could not discern from the appellate record whether dual convictions for possession and receipt derived from separate facts.  <u>Id.</u> at 430-31.  Noting that the multiplicity

inquiry is "bound to the facts of the case," the panel remanded to the district court

with the following directive:

> [T]he district court should determine if the record reflects
> that receipt and possession occurred on different dates;
> that after receipt, possession was undertaken by transfer
> to a different medium; or that Dudeck was charged with
> possession of child pornography images for which he was
> not also charged with receipt; such that separate
> punishment for receipt and possession is permissible.  If
> Dudeck was charged with receipt of any images for which
> he was not also charged with possession—and vice-
> versa—the two can be punished as separate offenses.

Id. at 431 (citations omitted).

The Second Circuit provided congruous analysis in United States v.

Polouizzi, 564 F.3d 142.  The indictment therein assigned specific images of child

pornography to individual counts, designating certain images twice—once for

possession and once for receipt.  Id. at 147-48, 158-59.  The defendant argued that

counts of conviction premised on overlapping images were multiplicitous.  Id. at

158.  The Second Circuit disagreed, identifying four possessory images and videos

not charged in counts of receipt.  Id. at 159.  Remanding on other grounds, the court

explained that "possession of those files is not merely incident to an act of receiving

for which [the defendant] already has been punished."  Id.  Similarly, in United

States v. Schnittker, 807 F.3d 77, the Fourth Circuit held that separate charges

based on the same images were not multiplicitous "because the defendant admitted

to possessing over one thousand images or videos of child pornography, at least

some of which did not ground the receipt conviction."  Id. at 83.

In the matter *sub judice*, Rice is convicted of possessing child pornography between August 2010 and January 29, 2013 (Count I), and receiving and distributing child pornography between January 23 and January 28, 2013 (Count II).  Rice's motion turns on whether Counts I and II are based on the same conduct.  As a threshold matter, the court rejects Rice's implicit contention that two convictions premised upon the same set of child pornography images are multiplicitous unless each count is associated with one or more independent images.  (See Doc. 90 at 1, 3).  Rice directs the court to no authority in support of his position.  (See id.)  To the contrary, the court agrees with the *ratio decidendi* of the Second, Fourth, and Sixth Circuits in concluding that the dispositive inquiry is whether at least one subject conviction is necessarily based on some modicum of diverse conduct.  See Schnittker, 807 F.3d at 83; Dudeck, 657 F.3d at 431; Polouizzi, 564 F.3d at 158-59. Application of the foregoing precepts to the facts of the instant case yields a single conclusion, to wit: the jury ineludibly rendered its verdict on Counts I and II based on evidence of distinct criminal acts.

With respect to Rice's liability for possession prior to January 2013, both Detective Parthemore and Dr. Mercury testified that manifold images located on Rice's personal laptop were originally saved thereupon in 2010.  (5/3/16 Tr. at 100-02; 5/5/16 Tr. at 42).  Detective Parthemore further testified that he identified child pornography on an external hard drive seized from Rice's home which dated to 2008.  (5/3/16 Tr. at 116; see Tr. Ex. 31).  Finally, Rice-Goldie testified to discovering an image of child pornography on a computer she shared with Rice in 2003.  (5/2/16 Tr. at 133, 135-36).

Special Agent Huyhn testified regarding the government's investigation into Rice's conduct in and around late January 2013. (5/3/16 Tr. at 190-228; 5/4/16 Tr. at 12-107). Specifically, Special Agent Huyhn presented an extensive sequence of Spector Pro screenshots which revealed the user of Rice's laptop receiving, saving, and organizing newly obtained images of child pornography between January 23 and January 28, 2013. (5/4/16 Tr. at 55-104). Special Agent Huynh reported that the laptop received a total of 359 images during this period. (Id. at 106-07, 145-46). The jury ultimately determined, in response to a special interrogatory, that Rice (1) possessed child pornography between August 2010 and January 29, 2013; and (2) received child pornography between January 23 and January 28, 2013. (Doc. 85 ¶ 3). In view of the evidence presented at trial, it is abundantly clear that the jury convicted Rice of possession based on certain images dating from 2010 for which he was not also convicted of receipt.

This memorandum does not disturb the settled principle that possession of child pornography is a lesser-included offense of receipt of child pornography when predicated upon the same conduct. See Miller, 527 F.3d at 72. Rather, the facts of the instant case simply do not implicate double jeopardy. The court concludes that Rice may properly be subject to multiple punishments for the offenses in Counts I and II.

### III.   <u>Conclusion</u>

The court will deny Rice's motion (Doc. 89) to merge counts.  An appropriate

order shall issue.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:        July 8, 2016