IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:14-CR-119 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **ROBERT J. RICE,** | : | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM**

Robert J. Rice filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in which he alleges that his trial counsel provided constitutionally deficient assistance. (See Doc. 132). The government moves for permission to contact Rice's trial counsel in order to obtain nonprivileged information regarding trial counsel's representation of Rice in advance of the evidentiary hearing on Rice's Section 2255 motion. (See Doc. 151). We will grant in part and deny in part the government's motion.

**I.      Factual Background & Procedural History**

On May 14, 2014, Rice was indicted for knowing possession of child pornography transported in interstate or foreign commerce (Count One) and knowing receipt or distribution of child pornography transported in interstate or foreign commerce (Count Two). (Doc. 1). He was found guilty of both counts after a jury trial, (Doc. 85), and the Third Circuit Court of Appeals affirmed his conviction, see United States v. Rice, 716 F. App'x 121 (3d Cir. 2017) (nonprecedential). Rice filed the instant Section 2255 motion claiming ineffective assistance of trial counsel, (Doc. 132 at 3-12), and the court scheduled an evidentiary hearing, (Doc. 136).

In advance of the evidentiary hearing, the government attempted to engage in discovery.  Specifically, the government arranged to meet with Rice's trial counsel to discuss nonprivileged information regarding their representation of Rice. (Doc. 152 at 1; Doc. 155-1 at 2).  Rice objected, through his Section 2255 counsel, to any communication between the government and trial counsel, (Doc. 152 at 1), and the government filed the instant motion for authorization to conduct the requested discovery, (see Doc. 151).  The parties have submitted their respective briefs and the motion is ripe for disposition.

### III.     Discussion

In this case, we must decide whether privilege or ethics rules bar the government from procuring certain prehearing discovery from a Section 2255 movant's trial counsel, who is alleged in the Section 2255 motion to have provided constitutionally deficient representation.  The government argues that Rice's allegations of ineffective assistance of counsel effectuate a limited waiver of the attorney-client privilege and permit trial counsel to participate in prehearing discovery to the extent relevant to the allegations in the Section 2255 motion.  (Doc. 152 at 4-20).  Rice rejoins that trial counsel's ethical and professional obligations prohibit them from providing the government with information regarding their

representation of Rice.[1]  (Doc. 153 at 2-8).  We agree with the government that prehearing discovery regarding trial counsel's performance is permissible, but we will issue a protective order to prescribe the method, scope, and substance of discovery.[2]

### A.     Privilege and Ethical Standards

Attorneys are bound by both privilege and ethical rules.  The parties agree that Rice's Section 2255 motion puts his trial counsel's performance at issue by alleging trial counsel's ineffective assistance, and therefore effects a limited waiver

---

[1] Rice's Section 2255 counsel invokes this court's order in United States v. D'Ambrosio, No. 1:15-CR-3, Doc. 693 (M.D. Pa. Jan. 13, 2020), in which we denied the government's request for prehearing discovery.  In D'Ambrosio, the parties agreed that a limited waiver of the attorney-client privilege results when the movant claims his trial counsel was constitutionally ineffective.  D'Ambrosio, No. 1:15-CR-3, Doc. 693 at 1.  We explained, however, that a limited waiver does not allow for unfettered and "unsupervised, prehearing discovery by the government with former defense counsel."  Id. (citations omitted).  Our order in D'Ambrosio was informed by its hybrid procedural context: D'Ambrosio was awaiting retrial on one count while seeking a new trial on others on ineffective-assistance grounds.  See id., Doc. 649 at 10-12, 18-19 (M.D. Pa. Aug. 12, 2019).  We scheduled an evidentiary hearing to develop D'Ambrosio's ineffective assistance claim.  See id., Doc. 650 (M.D. Pa. Aug. 12, 2019).  Eight days before the hearing, the government requested discovery from D'Ambrosio's trial counsel, see id., Doc. 689 (M.D. Pa. Jan. 13, 2020), and we denied that request, see id., Doc. 693.  Given these material distinctions, we reject Rice's suggestion that this case involves the "same issue." (See Doc. 153 at 4).

[2] As an initial matter, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."  Bracy v. Gramley, 520 U.S. 899, 904 (1997).  Rule 6(a) of the Rules Governing Section 2255 Proceedings permits discovery only for "good cause."  28 U.S.C. § 2255, Rule 6(a).  The government states that prehearing discovery would allow "former counsel to be adequately prepared to meet the attacks of a defendant claiming ineffective assistance."  (Doc. 152 at 3-4).  Nonprivileged communications between Rice and his trial counsel are plainly relevant to the instant Section 2255 motion.  We therefore conclude that the government has established good cause.

of the attorney-client privilege. (See Doc. 152 at 4; Doc. 153 at 3 n.1). The Third Circuit Court of Appeals has not squarely held as much, but the parties' approach is consistent with the majority of federal courts of appeals that have spoken on the matter. See United States v. Pinson, 584 F.3d 972, 978 (10th Cir. 2009) (collecting courts of appeals holding same); Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003) (*en banc*) (citations omitted); see also Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 863 (3d Cir. 1994) ("[A] party can waive the attorney client privilege by asserting claims or defenses that put his or her attorney's advice in issue in the litigation."). This limited waiver is exceedingly narrow and permits disclosure only of communications to the extent "necessary to prove or disprove his claim." Pinson, 584 F.3d at 978. That is, the waiver extends only to communications relevant to the claims asserted in the Section 2255 motion. Id.; see also Bittaker, 331 F.3d at 720-21.

In addition to privilege rules, our judicial district has adopted two sets of ethical rules—the Rules of Professional Conduct promulgated by the Pennsylvania Supreme Court and the Code of Professional Conduct enacted in the Middle District of Pennsylvania's Civil Justice Reform Act Plan. See M.D. PA. L.R. 83.23.2. As relevant to this case, Pennsylvania Rule of Professional Conduct 1.6—which is modeled after American Bar Association ("ABA") Model Rule of Professional Conduct 1.6—establishes counsel's duty of confidentiality. See PA. R. OF PROF'L CONDUCT 1.6. Pennsylvania Rule 1.6 broadly prohibits disclosure of "information relating to representation of a client unless the client gives informed consent," during or after termination of the attorney-client relationship. PA. R. OF PROF'L

4

CONDUCT 1.6(a), (e).  Pennsylvania Rule 1.6(c)(4), however, creates an exception to the duty of confidentiality: "A lawyer may reveal such information to the extent that the lawyer reasonably believes necessary . . . to respond to allegations in any proceeding concerning the lawyer's representation of the client."  PA. R. OF PROF'L CONDUCT 1.6(c), (c)(4).  We refer to this as the "self-defense exception."

### B.     Propriety of Disclosure

We reiterate that there is no debate that Rice effected a limited waiver of the attorney-client privilege by filing the instant Section 2255 motion and asserting ineffective assistance of trial counsel.  The dispute thus turns on the interaction between Rice's limited waiver of privilege, trial counsel's ethical and professional responsibilities, and the government's ability to prepare for the evidentiary hearing.

Rice's argument, culled to its essence, is as follows: "[W]hen there is good reason to suspect that a lawyer will breach a fiduciary obligation to a prior client, the courts must intervene to protect the integrity of the attorney-client relationship and to limit the potential damage before it occurs.  To that end, there is no basis for prehearing disclosure to the Government of confidential information of any kind between prior counsel and Mr. Rice."  (Doc. 153 at 3).  This argument, however, conflicts with the ethical and professional standards applicable in this court, as well as the general presumption that counsel acts in concert with their ethical and professional obligations to their clients.

First, Pennsylvania Rule of Professional Conduct 1.6(c) permits the disclosure of confidential information regarding counsel's representation in certain circumstances.  For example, counsel may divulge information to the extent the

5

lawyer reasonably believes necessary to "respond to allegations in any proceeding concerning the lawyer's representation of the client." PA. R. OF PROF'L CONDUCT 1.6(c), (c)(4). The government in this case seeks nonprivileged information "regarding specific issues raised in [Rice's] effectiveness of counsel claims." (Doc. 151-1; see also Doc. 155 at 8). The information sought is plainly relevant to allegations regarding trial counsel's performance, against which trial counsel must necessarily defend. On its face, trial counsel's disclosure is reasonably within the scope of the self-defense exception to the duty of confidentiality.

Second, the parties have not identified (and our research has not revealed) binding authority prohibiting the disclosure of confidential information in advance of an evidentiary hearing in the habeas context. Rice relies heavily on ABA Formal Ethics Opinion 10-456 ("Opinion 10-456") and cases that have adopted Opinion 10-456 for its proposition that prehearing discovery regarding counsel's representation of the Section 2255 movant is prohibited. See ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 10-456 (2010). That opinion interprets ABA Model Rule 1.6 to prohibit disclosure of confidential communications prior to an evidentiary hearing in habeas cases in which the movant alleges their trial counsel was ineffective. Id. at 1. With regard to the self-defense exception, Opinion 10-456 posits that "it is highly unlikely that a disclosure in response to a prosecution request, prior to a court-supervised response by way of testimony or otherwise, will be justifiable." Id. at 5. That is, attorneys have no objectively reasonable basis on which to believe their *ex parte* disclosures are necessary to defend themselves, so prehearing disclosures violate counsel's duty of confidentiality. Id. at 4-5. Opinion

6

10-456 also expresses concern that unsupervised disclosure creates a risk that trial counsel may inadvertently disclose privileged or irrelevant information that could be used against the Section 2255 movant in a separate proceeding. Id.

Neither our local rules nor the Pennsylvania Supreme Court have expressly adopted Opinion 10-456. Moreover, ABA ethics opinions and district court cases following those opinions are not binding on this court. See Courtade v. United States, 243 F. Supp. 3d 699, 706 & n.5 (E.D. Va. 2017); United States v. Ball, No. 06-20465, 2017 WL 3264021, at *2 (E.D. Mich. Aug. 1, 2017) (citing Jones v. United States, No. 4:11CV00702, 2012 WL 484663, at *2 (E.D. Mo. Feb. 14, 2012); Melo v. United States, 825 F. Supp. 2d 457, 463 n.2 (S.D.N.Y. 2011)); Dunlap v. United States, No. 4:09-CR-854, 2011 WL 2693915, at *1 n.4 (D.S.C. July 12, 2011); see also SCF Consulting, LLC v. Barrack, Rodos & Bacine, 175 A.3d 273, 277 (Pa. 2017) (citing In re Estate of Pedrick, 505 Pa. 530, 482 A.2d 215 (1984)) ("[T]he standards of professional conduct for lawyers do not have the force of substantive law."); PA. R. OF PROF'L CONDUCT PREAMBLE ¶ 19 (explaining that "nothing in the Rules should be deemed to augment any substantive legal duty of lawyers"). Indeed, Opinion 10-456 itself recognizes that "[t]he laws, court rules, regulations, rules of professional conduct, and opinions promulgated in individual jurisdictions" control. Formal Op. 10-456, at 1 n.1. Similarly, Rice relies on—but has not cited authority adhering to— Pennsylvania Bar Association Ethics Opinion Inquiry 2002-72, which recommends that records relevant to a Section 2255 movant's ineffective-assistance claims be subject to *in camera* review to ensure the confidentiality of the information. See Pa.

Bar Assoc. Comm. on L. Ethics & Prof'l Responsibility, Ethics Op. Inquiry 2002-72 (2002).

Rice's dependency on a slew of opinions from the Southern District of West Virginia that favorably cite Opinion 10-456 is likewise misguided. The local rules in West Virginia courts expressly adopt the ABA's model rules. See S.D. W. VA. CIV. R. 83.7. And, perhaps not surprisingly, some courts in West Virginia have used Opinion 10-456 as an interpretive guide to ABA Model Rule 1.6. See, e.g., Hicks v. United States, No. 2:05-CR-40, 2010 WL 5441679, at *4 (S.D. W. Va. Dec. 28, 2010). As already mentioned, the ABA's model rules and opinions have not been adopted *carte blanche* by our district or the Pennsylvania Supreme Court. Accordingly, we will not bind practitioners in this court to the ABA's rules and standards as if they carried the force of law.

Setting aside the fact that Opinion 10-456 is not controlling, we are not convinced that it offers the correct reasoning or conclusion. In pursuit of protecting the sanctity of the attorney-client relationship and preventing the unconsented disclosure of attorney-client communications, Opinion 10-456 elevates the duty of confidentiality over important competing interests. Those include, for example, the government's interests in adequately preparing for challenges to its conviction and developing a record on collateral review, as well as trial counsel's interest in defending against allegations of ineffective assistance. Several courts have recognized the imbalance the ABA's position strikes, favoring the defendant's interests at trial counsel's and the government's expense. See, e.g., Ball, 2017 WL 3264021, at *2 (citing Courtade, 243 F. Supp. 3d at 706 n.5; Jones, 2012 WL 484663, at

8

*2). For his part, Rice attempts to balance these interests by noting that government counsel is free during an evidentiary hearing to seek the same information as it would during prehearing discovery. (Doc. 153 at 10-11). We simply do not agree that mere participation in an evidentiary hearing will always allow for adequate development of the record or proper preparation for the defense of trial counsel's performance. Prehearing discovery, subject to appropriate restrictions, will enhance preparation in the instant matter, particularly given the court's familiarity with the trial record as well as the complexity of counsel's representation.

We are not concerned that information exchanged between Rice and his trial counsel will be misused in another proceeding—either intentionally or unintentionally—as Opinion 10-456 suggests. Opinion 10-456 was rooted in part on a concern that unsupervised prehearing discovery may result in the inadvertent disclosure of protected information that could later be used against the Section 2255 movant in a separate proceeding, like a retrial. See Formal Op. 10-456 at 4-5. That concern, while well taken, is quelled by our use of a protective order, described *infra*, that limits the use of disclosed information to this proceeding and any subsequent appeal. (See also Doc. 155 at 9).

Finally, we do not share the ABA's and Rice's dim view of counsel's ability to comply with their ethical and professional responsibilities outside of the court's watchful eye. Opinion 10-456 explains that judicial supervision over the disclosure of confidential information "provide[s] a check on the lawyer disclosing more than is necessary to resolve the defendant's claim." Formal Op. 10-456 at 5. And Rice

9

argues that the government's so-called "'just trust me' process is naïve and dangerous and ignores the much-needed checks on prosecutorial power." (Doc. 153 at 9). But, as one Justice of the Pennsylvania Supreme Court recently observed in a related context, "courts should not presume attorneys faced with allegations of ineffectiveness will act unethically and reveal information irrelevant to the ineffectiveness claim, but instead should presume those attorneys will 'honor [their] professional responsibility to [their] client' by acting professionally and ethically." Commonwealth v. King, 212 A.3d 507, 518-19 (Pa. 2019) (Dougherty, J., dissenting) (quoting Commonwealth v. Philistin, 53 A.3d 1, 31 (Pa. 2012)); accord United States v. Taylor, 139 F.3d 924, 932 (D.C. Cir. 1998) (citing United States v. O'Neil, 118 F.3d 65, 71 (2d Cir. 1997)). We agree and will presume that counsel can act within the confines of the duties owed to their current and former clients. Similarly, we presume that government counsel, who are bound by their own set of standards, can honor trial counsel's ethical limitations. In any event, we are confident that counsel's conduct will be otherwise constrained by the availability of sanctions and other penalties that follow a breach of duties owed to current and former clients. See, e.g., M.D. PA. L.R. 83.23.1.

To summarize, we conclude that the ethical and legal standards applicable in this court generally permit prehearing discovery of nonprivileged information from trial counsel alleged to have rendered constitutionally deficient assistance. We therefore hold that there is no *per se* prohibition on prehearing discovery or *ex parte* discussions with trial counsel in the Section 2255 context.

### C. Method, Scope, and Substance of Disclosure

To guard against inadvertent or improper discovery of privileged communications, courts have used protective orders to define the method and substance of trial counsel's disclosure of information in advance of habeas proceedings. See, e.g., Courtade, 243 F. Supp. 3d at 705 (quoting United States v. Nicholson, 611 F.3d 191, 217 (4th Cir. 2010) (citing Bittaker, 331 F.3d at 717)); id. (quoting Harris v. United States, No. 3:14-CR-42-1, 2016 WL 236988, at *3 (S.D.W. Va. Jan. 19, 2016)); see also FED. R. CIV. P. 26(c);[3] PA. R. OF PROF'L CONDUCT R. 1.6 cmt. 22. We join those courts and exercise our authority to issue a protective order constraining the production of privileged and nonprivileged, confidential information.

With regard to the method of disclosure, this court elects to use affidavits. That is not to say that affidavits are the exclusive method of prehearing discovery, but our colleague from the Eastern District of Virginia—Judge Rebecca Beach Smith—aptly explained why they are effective and appropriate in this context:

> First, Rule 7 of the Rules Governing Section 2255 Proceedings expressly authorizes the use of affidavits to expand the record. Second, "affidavits . . . supply the basic information required by the United States to allow it to respond to [a petitioner's] section 2255 motion while simultaneously ensuring a reasonable limitation on the breadth of the waiver of the attorney-client privilege." Third, "this ordered-filing brings the affidavit[s] and disclosure[s] within the court's supervision," to the extent there are any concerns about disclosures occurring

---

[3] The Federal Rules of Civil Procedure govern habeas cases to the extent that they are not inconsistent with other statutes or the habeas rules. See 28 U.S.C. § 2225, Rule 12; see also United States v. Fiorelli, 337 F.3d 282, 286 (3d Cir. 2003).

outside of "formal" proceedings like evidentiary hearings. Courtade, 243 F. Supp. 3d at 705-06 (internal citations omitted); see also Harris, 2016 WL 236988, at*3; Cross v. United States, No. 5:15-CR-79, 2016 WL 4766490, at *3 (S.D.W. Va. Sept. 12, 2016); Dunlap, 2011 WL 2693915, at *1 n.4.

In their affidavit, trial counsel must respond to the allegations of ineffectiveness raised in Rice's Section 2255 motion and the issues implicated therein. Counsel shall supply all information or documentation reasonably necessary to fully respond to Rice's claims, but shall also take care to redact any information unrelated to the allegations of ineffectiveness. Any information or documentation disclosed by trial counsel shall be limited exclusively for use in this Section 2255 proceeding and any appeal that follows. See United States v. Straker, 258 F. Supp. 3d 151, 159 (D.D.C. 2017) (noting use of similar protective orders). If trial counsel's affidavit improperly discloses privileged or irrelevant information, or the government determines that the affidavit does not provide enough information to adequately prepare for the evidentiary hearing, the parties may seek relief from the court. This less-restrictive approach adequately balances trial counsel's ethical obligations, the habeas movant's right to confidentiality, and the government's "obvious need to fully develop and clarify the record in collateral proceedings." Courtade, 243 F. Supp. 3d at 706 n.5; see also Ball, 2017 WL 3264021, at *2 (citing Courtade, 243 F. Supp. 3d at 706 n.5; Jones, 2012 WL 484663, at *2).

## IV. Conclusion

We will grant in part and deny in part the government's motion (Doc. 151) to approve contact with trial counsel in advance of the Section 2255 evidentiary hearing.  An appropriate order shall issue.

        /S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:　　July 16, 2020